IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOE MICELI,

      Plaintiff,

v.                                                                Case No. _____

SOUTHWIND MANAGEMENT CORP.,
SPINNAKER RESORTS INC. and Jane Does 1-10

      Defendants.

## **NOTICE OF REMOVAL**

TO:    THE CLERK OF THE UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF NEW MEXICO:

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendants Southwind Management Corp. and Spinnaker Resorts Inc. (collectively, "Defendants") by their attorneys, hereby remove this action now pending in the Thirteenth Judicial District Court of the State of New Mexico, County of Sandoval, to the United States District Court for the District of New Mexico. The following is a short and plain statement of the grounds for removal.

## BACKGROUND

1.      On or about October 7, 2020, a Complaint (the "Complaint") was filed in the Thirteenth Judicial District Court of the State of New Mexico, County of Sandoval, styled "*Joe Miceli v. Southwind Management Corp., Spinnaker Resorts, Inc. and Jane Does 1-10*" (the "State Court Action"). (True and correct copies of the Summons and Complaint are annexed hereto as Exhibit A.) On or about October 28, 2020, the Complaint was served on Defendants.

2.      To date, no other pleading has been filed in the State Court Action. The time for Defendants to answer or otherwise plead in response to the Complaint has not expired, and

Defendants have not yet filed their respective answers or other responsive pleadings to the Complaint.  Rule 1-004 NMRA.

3. The Complaint alleges that Defendants utilized an automatic telephone dialing system ("auto-dialer") and intentional Caller ID spoofing practices in violation of 47 U.S.C. § 227 (the Telephone Consumer Protection Act of 1991 ("TCPA")).  (*See* Exhibit A, at ¶¶ 29-30, 75-81.)  The Complaint further alleges that Defendants utilized such a system and practice to call Plaintiff's cell phone to make telephone solicitations.  (Exhibit A, at ¶¶ 29-30.)

4. The Complaint also asserts claims that Defendants violated the New Mexico Unfair Practices Act, NMSA §§ 57-12-22(A)(1), 57-12-22(B)(1), 57-12-22(B)(4), 57-12-22(C)(1), and 57-12-22(C)(2).  (Exhibit A, at ¶¶ 71-72.)

5. Plaintiff seeks an injunction and monetary damages.  (Exhibit A, at ¶¶ 75, 77, 79, and 84.)

6. The exhibit attached to this Notice as Exhibit A constitutes all pleadings which have been filed in the Thirteenth Judicial District Court of the State of New Mexico, County of Sandoval, in Case No. D-1329-CV-2020-01597.

## NOTICE OF REMOVAL IS TIMELY

7. This Notice of Removal is timely because it is filed within 30 days of Defendants' receipt of the Complaint.  28 U.S.C. § 1446(b)(1).  The Complaint was served on Defendants on October 28, 2020.

## REMOVAL JURISDICTION

8. This Court has original subject matter jurisdiction over this removed action pursuant to 28 U.S.C. §§ 1331, 1367, and 1441(a).  This claim could have been originally filed in

this Court pursuant to 28 U.S.C. § 1331, as this Court has original jurisdiction over all civil actions arising under the "Constitution, laws, or treaties of the United States."

9. Plaintiff's Complaint asserts violations of a federal law, namely the TCPA. *See generally*, Ex. A.

10. In *Mims v. Arrow Financial Svcs., L.L.C.*, 132 S.Ct. 740, 181 L.Ed. 2d 881 (2012), the Unites States Supreme Court addressed the issue of whether the federal district courts have jurisdiction over TCPA claims, holding that such a claim is, in fact, one that "arises under" the laws of the United States. As such, this Court has federal question jurisdiction over this matter.

11. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Thus, this Court has federal question jurisdiction.

12. This Court has supplemental jurisdiction over Plaintiff's claims for violation of New Mexico Unfair Practices Act, NMSA §§ 57-12-22(A)(1), 57-12-22(B)(1), 57-12-22(B)(4), 57-12-22(C)(1), and 57-12-22(C)(2), because they form part of the same case or controversy as the alleged TCPA violation. *See* 28 U.S.C. § 1367. Plaintiff's claims do not raise novel or complex issues of New Mexico law, nor do Plaintiff's state law claims predominate over his federal TCPA claim. *See* 28 U.S.C. § 1367(c). This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1441(c).

13. Southwind and Spinnaker are the only defendants named in the Complaint.

NOTICE TO ADVERSE PARTIES AND STATE COURT

14. A copy of this Notice shall be promptly served on Plaintiff's counsel of record and will be filed with the Clerk of the First Judicial District Court of the State of New Mexico, County of Santa Fe. 28 U.S.C. § 1446(d).

WHEREFORE, Defendants Southwind Management Corp. and Spinnaker Resorts, Inc. hereby remove the State Court Action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

Respectfully Submitted,

BUTT THORNTON & BAEHR PC

/s/ *Monica R. Garcia*
Monica R. Garcia
*Attorneys for Defendants*
P.O. Box 3170
Albuquerque, NM  87190
(505) 884-0777
mrgarcia@btblaw.com

I HEREBY CERTIFY that on the 24th day of November, 2020, I filed the foregoing electronically through the electronic filing system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Sid Childress
childresslaw@hotmail.com


/s/ *Monica R. Garcia*
Monica R. Garcia